UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1445 FMO (SKx) | Date | **March 8, 2017** |
|---|---|---|---|
| Title | **Monica J. Trail v. Standard Insurance Company** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Cheryl Wynn | None | None |
| Relief Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order to Show Cause Re: Remand

Plaintiff Monica J. Trail ("plaintiff" or "Trail") brought this action against defendant Standard Insurance Company ("defendant" or "Standard") in Los Angeles County Superior Court on January 24, 2017. (See Dkt. 1-2, Complaint). Defendant removed the action on February 22, 2017, on diversity jurisdiction grounds under 28 U.S.C. § 1332. (See Dkt. 1, Notice of Removal at ¶ 6). In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).

Having reviewed the Notice of Removal, the court questions whether this case satisfies the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332(a). Specifically, the court is unable to evaluate the amount in controversy because defendant did not submit a copy of the "long-term disability policy" that forms the basis of plaintiff's Complaint. (See Dkt. 1-2, Complaint at ¶ 7). In addition, defendant did not address whether plaintiff received any unemployment benefits, worker's compensation benefits, or other benefits that constitute mitigation of damages and should be taken into account in determining the amount in controversy. See, e.g., Lamke v. Sunstate Equipment Co., LLC, 319 F.Supp.2d 1029, 1033 (N.D. Cal. 2004) (finding that the court "should engage in an inquiry into the facts with respect to mitigation of damages" in evaluating the amount in controversy in the context of removal); Melendez v. HMS Host Family Restaurants, Inc., 2011 WL 3760058, *2 (C.D. Cal. 2011) (remanding case where amount in controversy was not met after reducing potential lost wages by the amount of disability benefits plaintiff received).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1445 FMO (SKx) | Date | **March 8, 2017** |
|---|---|---|---|
| Title | **Monica J. Trail v. Standard Insurance Company** | | |

Based on the foregoing, IT IS ORDERED THAT:

     1.  No later than **March 15, 2017**, defendant shall file a Supplemental Memorandum re: Jurisdiction, not to exceed five (5) pages, showing cause why this action should not be remanded for the reasons set forth above.  Defendant shall attach a copy of plaintiff's long-term disability policy as an exhibit to the Supplemental Memorandum.  **Defendant's failure to show cause by the deadline set forth in this paragraph shall be deemed as consent to the remand of this action to state court.**

     2.  Plaintiff shall file a Response to Defendant's Supplemental Memorandum re: Jurisdiction, not to exceed five (5) pages, no later than **March 22, 2017**.

     3.  If plaintiff wishes to file a motion for remand, she must do so no later than **March 24, 2017**.  See 28 U.S.C. § 1447(c).

|  | Initials of Preparer | cw |
|---|---|---|